UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAMRON D. BROWN,<br><br>Defendant. | Case No. 1:17-cr-00107-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the Government's Motion to Authorize Payment from Inmate Trust Account. Dkt. 67. In response, the Defendant filed a motion to release the funds in his inmate trust account. (Dkt. 68). The Court will construe this as a response to the Government's motion. The Government filed a motion seeking permission to reply to the Defendant's motion (Dkt. 69), however, the Court finds that the decisional process will not be significantly aided by further briefing and will therefore deny this motion. For the reasons discussed below, the Court will grant the Government's motion to authorize payment from inmate trust account and deny the Defendant's motion to release his funds.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

On March 13, 2018 Defendant Camron Brown entered a plea of guilty to six counts of Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951, and one count of Brandishing a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On June 27, 2018, the Court sentenced Defendant Camron Brown to 264 months imprisonment, 7 years of supervised release, a $700.00 special assessment fee, and restitution of $6,808.26. (Dkt. 53). Brown is currently in the custody of the Bureau of Prisons (BOP) and is currently housed at USP Thomson with an expected release date of March 20, 2036. *See* https://www.bop.gov/inmateloc/ (last accessed April 27, 2022).

Brown paid his special assessment, and a total of $1,177.03 has been paid toward restitution, leaving a balance of $5,621.23 owed toward criminal penalties. The Government represents that Brown has funds in the amount of $1,576.30 in his inmate trust account maintained by the BOP. The Government's motion requests that the Court, pursuant to 18 U.S.C. §§ 3613(a), 3613(c), and 3664(n), enter an order authorizing the BOP to turn over to the Clerk of the Court the funds held by BOP in Evans' inmate trust account as payment toward unpaid criminal monetary obligations imposed on him in this case.

**MEMORANDUM DECISION AND ORDER - 2**

The Defendant filed a motion seeking the release of the funds in his inmate trust account. He asserts that he has been participating in the Inmate Financial Responsibility Program and that the Court did not authorize the Government to seize his funds.

## ANALYSIS

Procedures and remedies for enforcing criminal monetary penalties and restitution are set out in 18 U.S.C. §§ 3613 and 3664. Section 3613 provides, in relevant part, that a fine or an order of restitution is to be treated as a "lien in favor of the United States on all property and rights to property of the person fined," or against whom an order of restitution is issued, with some specified exceptions. 18 U.S.C. § 3613(a), (c), (f). The specified exceptions do not apply to property in the form of cash. *See* 18 U.S.C. § 3613(a)(1)-(3).

Moreover, the Mandatory Victims' Restitution Act (MVRA) requires: "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

Some courts have recognized that the Government may pursue immediate or adjusted enforcement of criminal monetary sanctions as long as the judgment

MEMORANDUM DECISION AND ORDER - 3

contains no language to the contrary. *See United States v. James*, 312 F. Supp. 2d 802, 806–07 (E.D. Va. 2004); *United States v. Webb*, 2014 WL 4371276, at *1 (D. Ariz. Sept. 4, 2014); *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007); *United States v. Clayton*, 646 F. Supp. 2d 827, 836 (5th Cir. 2009); *see also United States v. Brewer*, 699 F. App'x 318, 319 (5th Cir. 2017) ("Participation in the IFRP and compliance with a payment schedule does not preclude[ ] the Government from using other available collection mechanisms to seek payment of monetary penalties"); *but see United States v. Armstrong*, No. 09-CR-135 (BAH), 2020 WL 136289, at *6 (D.D.C. Jan. 13, 2020) (declining to compel restitution payment from an inmate's trust account, when the restitution order "limits payments to $50 per quarter during the defendant's term of incarceration").

Further, the BOP may encumber the funds held in an inmate trust account upon notification of a pending Federal court order. BOP Trust Fund/Deposit Fund Manual 4500.12 at § 8.8. This prevents dissipation of the funds while the Court considers the government's motion.

Here, the judgment against Brown does not contain any statement precluding the immediate or adjusted enforcement of restitution, nor is it worded in terms of limiting the amount of payment due. (*See* Dkt. 53 at 6–8). To the contrary, the Judgment states that while he is in custody, Brown "shall submit nominal

**MEMORANDUM DECISION AND ORDER - 4**

payments of *not less than* $25 per quarter." *Id.* (emphasis added).

As discussed above, Brown currently owes $5,621.23 on the restitution imposed as part of his sentence. He currently has substantial funds in the amount of approximately $1,500 in his inmate trust account maintained by the BOP. The Court will therefore grant the Government's motion and require the BOP to deliver to the Clerk of the Court funds in Hart's inmate trust account in an amount not to exceed $5,621.23.

## ORDER

**IT IS ORDERED that:**

1. The Government's Motion to Authorize Payment from Inmate Trust Account (Dkt. 67) is GRANTED.

2. The Defendant's Motion to Contest Government's Motion to Seize Defendant's Funds (Dkt. 68) is DENIED.

3. The Government's Motion to Set Deadline to Respond to Defendant's Motion (Dkt. 69) is DENIED.

4. BOP shall deliver to the Clerk of the Court funds not to exceed $5,621.23. from Defendant John Freeland Duane Hart's inmate trust account.

**MEMORANDUM DECISION AND ORDER - 5**

5. The Clerk of the Court shall apply these funds as payment towards the criminal monetary obligations owed by Defendant Camron D. Brown in this case.

DATED: May 11, 2022

B. Lynn Winmill
U.S. District Court Judge